**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MANUFACTURERS AND TRADERS TRUST COMPANY, <br><br> Defendant. | C.A. No. 13-cv-1274-SLR <br><br> JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT**

Plaintiffs, Intellectual Ventures I LLC ("Intellectual Ventures I") and Intellectual Ventures II LLC ("Intellectual Ventures II") for their complaint against Manufacturers and Traders Trust Company, allege as follows:

**NATURE OF ACTION**

1. This is an action for patent infringement arising under Title 35 of the United States Code, seeking monetary damages and other relief against defendant Manufacturers and Traders Trust Company ("M&T" or "Defendant") due to its infringement of Intellectual Ventures I's rights in U.S. Patent No. 7,664,701 ("the '701 Patent"); United States Patent No. 7,603,382 ("the '382 Patent"); and United States Patent No. 8,083,137 ("the '137 Patent"), and Intellectual Venture II's rights in U.S. Patent No. 7,260,587 ("the '587 Patent") (collectively the "Patents-in-Suit").

## PARTIES

2. Plaintiff Intellectual Ventures I is a Delaware limited liability company having its principal place of business located at 3150 139th Ave SE, Bellevue, Washington, 98005.

3. Plaintiff Intellectual Ventures II is a Delaware limited liability company having its principal place of business located at 3150 139th Ave SE, Bellevue, Washington, 98005.

4. Upon information and belief, M&T is a New York corporation with its principle place of business at One M&T Plaza, Buffalo, New York 14203.

## JURISDICTION AND VENUE

5. This Court has jurisdiction because this dispute is a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has general personal jurisdiction over Defendant because Defendant does substantial and continuous business in this judicial district. This Court has specific jurisdiction over Defendant because it has committed acts giving rise to this action and has established minimum contacts within this judicial district such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Defendant has conducted business in this district, has provided services to its customers within this judicial district, and has committed acts of patent infringement within this district giving rise to this action.

## **BACKGROUND**

8.  Intellectual Ventures Management, LLC ("Intellectual Ventures") was founded in 2000. Since its founding, Intellectual Ventures has been deeply involved in the business of invention. Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions; and acquires and licenses patents from individual inventors, universities and other institutions. A significant aspect of Intellectual Ventures' business is managing the Plaintiffs in this case, Intellectual Ventures I and Intellectual Ventures II.

9.  Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this business, Intellectual Ventures enables inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors to do. To date, Intellectual Ventures has purchased more than 70,000 assets and, in the process, has paid individual inventors hundreds of millions of dollars for their inventions. Intellectual Ventures, in turn, has earned more than $3 billion by licensing these patents to some of the world's most innovative and successful technology companies which continue to use them to make computer equipment, software, semiconductor devices, and a host of other products.

10. Intellectual Ventures also creates inventions. Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and has filed hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures has also invested in laboratory facilities to assist with the development and testing of new ideas.

11. Intellectual Ventures also creates inventions by collaborating with inventors and research institutions around the world. For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas. Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 4000 inventors worldwide.

12. On February 16, 2010, the '701 Patent, titled "Masking Private Billing Data By Assigning Other Billing Data To Use In Commerce With Businesses," was duly and lawfully issued by the PTO. A copy of the '701 Patent is attached as Exhibit A.

13. On October 13, 2009, the '382 Patent, titled "Advanced Internet Interface Providing User Display Access of Customized Webpages," was duly and lawfully issued by the PTO. A copy of the '382 Patent is attached as Exhibit B.

14. On December 27, 2011, the '137 Patent, titled "Administration of Financial Accounts," was duly and lawfully issued by the PTO. A copy of the '137 Patent is attached as Exhibit C.

15. On August 21, 2007, the '587 Patent, titled "Method for Organizing Digital Images," was duly and lawfully issued by the PTO. A copy of the '587 Patent is attached as Exhibit D.

16. Intellectual Ventures I is the owner and assignee of all right, title and interest in and to the '701 Patent, the '382 Patent, and the '137 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

17. Intellectual Ventures II is the owner and assignee of all right, title and interest in and to the '587 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

18. M&T provides online banking services and other systems and services via electronic means including, but not limited to, the website https://www.mtb.com. In connection with these online banking services and other systems and services, M&T infringes one or more claims of the '701 Patent, the '382 Patent, the '137 Patent and the '587 Patent.

## FIRST CLAIM FOR RELIEF
## (Infringement of U.S. Patent No. 7,664,701)

19. Intellectual Ventures I and Intellectual Ventures II reallege paragraphs 1-18, inclusive, as if fully set forth below.

20. Intellectual Ventures I is informed and believes and thereon alleges that Defendant has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 5 of the '701 Patent by making, using, providing, offering to sell or selling its online Pay Bills system/service.

21. Intellectual Ventures I is informed and believes, and thereon alleges, that Defendant also has and continues to directly infringe at least claim 5 of the '701 Patent by inducing others to infringe or contributing to the infringement of others, including third party users of its online Pay Bills system/service in this judicial district and elsewhere in the United States.

22. Specifically, Intellectual Ventures I is informed and believes, and thereon alleges, that Defendant has actively induced and continues to induce the infringement of at least claim 5 of the '701 Patent at least by actively inducing the use of its online Pay Bills

system/service by third party users in the United States. Intellectual Ventures I is informed and believes, and thereon alleges, that Defendant knew or should have known that its conduct would induce others to use the online Pay Bills system/service in a manner than infringes the '701 Patent. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '701 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system/service ("Direct Infringers"). Intellectual Ventures I is informed and believes, and thereon alleges, that Defendant through at least the website at https://www.mtb.com actively induced its customers to infringe the '701 Patent, including at least through the instructions provided through Defendant's website: https://www.mtb.com/personal/onlineservices/Pages/WebBillPay.aspx.

23.    Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '701 patent, Defendant specifically intended to induce the '701 Direct Infringers to use the online Pay Bills system/service functionality in a manner that directly infringes at least claim 5 of the '701 Patent because, among other things, it instructs users on the use of the '701 Accused Products or Services to use online Pay Bills system/service functionality including at least through the instructions provided through Defendant's website: https://www.mtb.com/personal/onlineservices/Pages/WebBillPay.aspx, and advertises a variety of online banking and bill pay services to its customers and in order to attract other potential customers: (https://www.mtb.com/personal/onlineservices/Pages/OnlineServices2.aspx).

24.    Intellectual Ventures I is informed and believes, and thereon alleges, that as a result of Defendant's inducement, the '701 Direct Infringers directly infringed and continues to directly infringe at least claim 5 of the '701 Patent at least by using the '701 Accused Products or Services, such as using the online Pay Bills system/service functionality.

25.    Intellectual Ventures I is informed and believes, and thereon alleges, that at least since Defendant knew of the '701 Patent, Defendant knew or was willfully blind to

knowing that the '701 Direct Infringers were using the '701 Accused Products or Services such as the online Pay Bills system/service functionality in a way that directly infringes at least claim 5 of the '701 Patent as a result of its inducement of infringement, at least for the reasons that Defendant is in control of its website and the functionality that facilitates online bill bay and are able to know that its users and customers are using the technology in an infringing manner.

26. Intellectual Ventures I is informed and believes, and thereon alleges, that Defendant has contributorily infringed and continues to contributorily infringe at least claim 5 of the '701 Patent by providing, selling or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '701 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system ("Direct Infringers").

27. Intellectual Ventures I is informed and believes that Defendant provides a component of the patented machine and/or material or apparatus for practicing a patented process to the Direct Infringers of the '701 patent by providing its website and online Pay Bills service/system functionality, for example as discussed on its website (https://www.mtb.com/personal/onlineservices/Pages/WebBillPay.aspx) in conjunction with the instructions to customers or potential customers regarding the Bill Pay service.

28. Intellectual Ventures I is informed and believes that Defendant has knowledge of its infringement of the '701 Patent.

29. Intellectual Ventures I has provided written notice via letter to Defendant of its infringement of at least claim 5 of the '701 Patent. Defendant also has written notice of its infringement by virtue of the filing and service of this Complaint.

30. Intellectual Ventures I is informed and believes, and thereon alleges, that the Accused Products or Services, such as the accused Pay Bills system/service functionality, constitute a material part of the '701 Patent invention at least because it helps to prevent fraud through associated accounts to mask private billing data.

31. Intellectual Ventures I is informed and believes that the Accused Products or Services, such as the Pay Bills system/service functionality, are not staple articles of commerce, and have no substantial non-infringing uses, at least for the reason that the accused aspects of the Pay Bills system/service functionality that associates accounts to mask billing data are distinct and separate aspects of the overall program and are designed to only substantially perform in a manner that infringes.

32. Intellectual Ventures I has suffered damages as a result of Defendant's infringement of the '701 Patent in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
## (Infringement of U.S. Patent No. 7,603,382)

33. Intellectual Ventures I and Intellectual Ventures II reallege paragraphs 1-18, inclusive, as if fully set forth below.

34. Intellectual Ventures I is informed and believes and thereon alleges that Defendant has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '382 Patent by making, using, providing, offering to sell and/or selling its M&T Webfolio system/service.

35. Intellectual Ventures I is informed and believes, and thereon alleges, that Defendant also has and continues to directly infringe at least claim 1 of the '382 Patent by inducing others to infringe or contributing to the infringement of others, including third party

users of its M&T Webfolio system/service in this judicial district and elsewhere in the United States.  Specifically, Intellectual Ventures I is informed and believes, and thereon alleges, that Defendant has actively induced and continues to induce the infringement of at least claim 1 of the '382 Patent at least by actively inducing the use of its M&T Webfolio system/service by third party users in the United States.  Intellectual Ventures I is informed and believes, and thereon alleges, that Defendant knew or should have known that its conduct would induce others to use the M&T Webfolio system/service in a manner than infringes the '382 Patent.  Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '382 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system/service ("Direct Infringers").  Intellectual Ventures I is informed and believes, and thereon alleges, that Defendant through at least the website at https://www.mtb.com actively induced its customers to infringe the '382 Patent, including at least through the instructions provided through Defendant's website: https://www.mtb.com/personal/onlineservices/Pages/WebfolioIntro.aspx.

36. Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '382 Patent, Defendant specifically intended to induce the '382 Direct Infringers to use the online Webfolio in a manner that directly infringes at least claim 1 of the '382 Patent because, among other things, it instructs users on the use of the Webfolio system and service including at least through the instructions provided through Defendant's website: https://www.mtb.com/personal/onlineservices/Pages/WebfolioIntro.aspx, and advertising a variety of online banking, including Webfolio, to its customers and potential customers (https://www.mtb.com/personal/onlineservices/Pages/OnlineServices2.aspx).  Defendant at least intends to provide specifically tailored content to the users based on user information such as investment products, etc., through the Webfolio system and service.

37. Intellectual Ventures I is informed and believes, and thereon alleges, that as a result of Defendant's inducement, the '382 Direct Infringers directly infringed and continue

to directly infringe at least claim 1 of the '382 Patent at least by using the '382 Accused Products or Services, such as the Webfolio system and service to receive specifically tailored content based on user information.

38. Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '382 Patent, Defendant knew or was willfully blind to knowing that the '382 Direct Infringers were using the '382 Accused Products or Services, such as Webfolio, in a way that directly infringes at least claim 1 of the '382 Patent as a result of its inducement of infringement, at least for the reasons that Defendant is in control of its website and the functionality that facilitates the Webfolio service and the specifically tailored content and is able to know and monitor its users and customers accessing the website and using the functionality in an infringing manner.

39. Intellectual Ventures I is informed and believes, and thereon alleges, that Defendant has contributorily infringed and continues to contributorily infringe at least claim 1 of the '382 Patent by providing, selling or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '382 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

40. Intellectual Ventures I is informed and believes that Defendant provides a component of the patented machine and/or material or apparatus for practicing a patented process to the Direct Infringers of the '382 Patent by providing its website and Webfolio page and associated functionality that provides specifically tailored content to the user based on the user information in conjunction with the instructions to customers or potential customers regarding use of the Webfolio service:
https://www.mtb.com/personal/onlineservices/Pages/WebfolioIntro.aspx.

41. Intellectual Ventures I is informed and believes that Defendant has knowledge of its infringement of the '382 Patent.

42. Intellectual Ventures I has provided written notice via letter to Defendant of its infringement of at least claim 1 of the '382 Patent. Defendant also has written notice of its infringement by virtue of the filing and service of this Complaint.

43. Intellectual Ventures I is informed and believes, and thereon alleges, that the Accused Products or services, such as the Webfolio system and service, constitute a material part of the '382 invention at least because it provides specifically tailored content to the user based on user information.

44. Intellectual Ventures I is informed and believes that the Accused Products or Services, such as the Webfolio system and service, are not staple articles of commerce, and have no substantial non-infringing uses, at least for the reason that the accused aspects of the Webfolio system and service that provides specifically tailored content are distinct and separate aspects of the overall program and are designed to only substantially perform in a manner that infringes.

45. Intellectual Ventures I has suffered damages as a result of Defendant's infringement of the '382 Patent in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**

**(Infringement of U.S. Patent No. 8,083,137)**

46. Intellectual Ventures I and Intellectual Ventures II reallege paragraphs 1-18, inclusive, as if fully set forth below.

47. Intellectual Ventures I is informed and believes and thereon alleges that Defendant has directly infringed and continues to directly infringe, literally or under the doctrine

of equivalents, at least claim 5 of the '137 Patent by making, using, providing, offering to sell or selling its Finance*Works* system/service.

48. Intellectual Ventures I is informed and believes, and thereon alleges, that Defendant also has and continues to directly infringe at least claim 5 of the '137 Patent by inducing others to infringe or contributing to the infringement of others, including third party users of its Finance*Works* system/service in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures I is informed and believes, and thereon alleges, that Defendant has actively induced and continues to induce the infringement of at least claim 5 of the '137 Patent at least by actively inducing the use of its Finance*Works* system/service by third party users in the United States. Intellectual Ventures I is informed and believes, and thereon alleges, that Defendant knew or should have known that its conduct would induce others to use the Finance*Works* system/service in a manner than infringes the '137 Patent. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '137 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system/service ("Direct Infringers"). Intellectual Ventures I is informed and believes, and thereon alleges, that Defendant through at least the website at https://www.mtb.com actively induced its customers to infringe the '137 Patent, including at least through the instructions provided through Defendant's website:
https://www.mtb.com/personal/onlineservices/Pages/finance-works.aspx and
https://www.mtb.com/personal/onlineservices/Pages/Alerts.aspx.

49. Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '137 patent, Defendant specifically intended to induce the '137 Direct Infringers to use the FinanceWorks system/service functionality in a manner that directly infringes at least claim 5 of the '137 Patent because, among other things, it instructs users on the use of the '137 Accused Products or Services such as using the FinanceWork systems to manage expenses, set spending budgets, and receive alerts, including at least through the instructions

provided through Defendant's website: https://www.mtb.com/personal/onlineservices/Pages/finance-works.aspx, https://www.mtb.com/personal/onlineservices/Pages/Alerts.aspx, and http://www.diproductsite.com/demo/fw/eu-demo/home.html and advertising a variety of online banking and bill pay services to its customers and in order to attract other potential customers (https://www.mtb.com/personal/onlineservices/Pages/OnlineServices2.aspx).

50. Intellectual Ventures I is informed and believes, and thereon alleges, that as a result of Defendant's inducement, the '137 Direct Infringers directly infringed and continue to directly infringe at least claim 5 of the '137 Patent at least by using the '137 Accused Products or Services, such as using the FinanceWorks system/service functionality.

51. Intellectual Ventures I is informed and believes, and thereon alleges, that at least since Defendant knew of the '137 Patent, Defendant knew or was willfully blind to knowing that the '137 Direct Infringers were using the '137 Accused Products or Services such as the FinanceWorks system/service functionality in a way that directly infringes at least claim 5 of the '137 Patent as a result of its inducement of infringement, at least for the reasons that Defendant is in control of its website and the functionality that facilitates FinanceWorks and spending budgets and generate alerts and are able to know that its users and customers are using the technology in an infringing manner.

52. Intellectual Ventures I is informed and believes, and thereon alleges, that Defendant has contributorily infringed and continues to contributorily infringe at least claim 5 of the '137 Patent by providing, selling or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will

infringe the '137 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system ("Direct Infringers").

53. Intellectual Ventures I is informed and believes that Defendant provides a component of the patented machine and/or material or apparatus for practicing a patented process to the Direct Infringers by providing its website and the FinanceWorks site and service and functionality, for example as discussed on its website (https://www.mtb.com/personal/onlineservices/Pages/finance-works.aspx and https://www.mtb.com/personal/onlineservices/Pages/Alerts.aspx) in conjunction with the instructions to customers or potential customers regarding how to operate the infringing aspects of the service.

54. Intellectual Ventures I is informed and believes that Defendant has knowledge of its infringement of the '137 Patent.

55. Intellectual Ventures I has provided written notice via letter to Defendant of its infringement of at least claim 5 of the '137 Patent. Defendant also has written notice of its infringement by virtue of the filing and service of this Complaint.

56. Intellectual Ventures I is informed and believes, and thereon alleges, that the Accused Products or Services, such as the accused FinanceWorks system/service functionality, constitutes a material part of the '137 invention at least because it allows users to set spending budgets and generates alerts.

57. Intellectual Ventures I is informed and believes that the Accused Products or Services, such as the FinanceWorks system/service functionality, are not staple articles of commerce, and have no substantial non-infringing uses, at least for the reason that the accused aspects of the FinanceWorks system/service functionality that allows users to set spending

budgets and generate alerts are distinct and separate aspects of the overall program and are designed to only substantially perform in a manner that infringes.

58. Intellectual Ventures I has suffered damages as a result of Defendant's infringement of the '137 Patent in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 7,260,587)

59. Intellectual Ventures I and Intellectual Ventures II reallege paragraphs 1-18, inclusive, as if fully set forth below.

60. Intellectual Ventures II is informed and believes and thereon alleges that Defendant has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 18 of the '587 Patent by using, providing, offering to sell or selling its ATM Banking system/service.

61. Intellectual Ventures II is informed and believes, and thereon alleges, that Defendant also has and continues to directly infringe at least claim 18 of the '587 Patent by inducing others to infringe or contributing to the infringement of others, including third party users of its ATM Banking system/service in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures II is informed and believes, and thereon alleges, that Defendant has actively induced and continues to induce the infringement of at least claim 18 of the '587 Patent at least by actively inducing the use of its ATM Banking system/service by third party users in the United States. Intellectual Ventures II is informed and believes, and thereon alleges, that Defendant knew or should have known that its conduct would induce others to use the ATM Banking system/service in a manner than infringes the '587 Patent. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '587 Patent in violation of 35 U.S.C. § 271(a) by using the

infringing system/service ("Direct Infringers"). Intellectual Ventures II is informed and believes, and thereon alleges, that Defendant through at least the website at https://www.mtb.com actively induced its customers to infringe the '587 Patent, including at least through the instructions provided through Defendant's website: https://www.mtb.com/personal/Documents/easy-deposit-instructions.pdf.

62. Intellectual Ventures II is informed and believes, and thereon alleges, that at least since it knew of the '587 patent, Defendant specifically intended to induce the '587 Direct Infringers to use the ATM Banking system/service functionality, including at least the envelop free deposit, in a manner that directly infringes at least claim 18 of the '587 Patent because, among other things, it instructs users on the use of the '587 Accused Products or Services, including how to use envelope free deposits as shown through the instructions provided through Defendant's website: https://www.mtb.com/personal/Documents/easy-deposit-instructions.pdf, and providing directions to its ATMs (https://mandtbank.spatialpoint.com/PrxInput.aspx) and advertising the benefits of its use to its customers and in order to attract other potential customers.

63. Intellectual Ventures II is informed and believes, and thereon alleges, that as a result of Defendant's inducement, the '587 Patent Direct Infringers directly infringed and continue to directly infringe at least claim 18 of the '587 Patent at least by using the '587 Accused Products or Services, such as using the envelope free deposit system/service functionality.

64. Intellectual Ventures II is informed and believes, and thereon alleges, that at least since Defendant knew of the '587 Patent, Defendant knew or was willfully blind to knowing that the '587 Direct Infringers were using the '587 Accused Products or Services such as the ATM Banking system/service functionality in a way that directly infringes at least claim 18 of the '587 Patent as a result of its inducement of infringement, at least for the reasons that

Defendant is in control of its ATM machines, can monitor deposits, and are able to determine whether envelope free deposits are being made such that the technology is being used in an infringing manner.

65. Intellectual Ventures II is informed and believes, and thereon alleges, that Defendant has contributorily infringed and continues to contributorily infringe at least claim 18 of the '587 Patent by providing, selling or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '587 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system ("Direct Infringers").

66. Intellectual Ventures II is informed and believes that Defendant provides a component of the patented machine and/or material or apparatus for practicing a patented process to the Direct Infringers of the '587 Patent by providing ATM machines and the envelope free deposit system/service as well as instructions for using the system/service as discussed on its website (https://www.mtb.com/personal/Documents/easy-deposit-instructions.pdf).

67. Intellectual Ventures II is informed and believes that Defendant has knowledge of its infringement of the '587 Patent.

68. Intellectual Ventures II has provided written notice via letter to Defendant of its infringement of at least claim 18 of the '587 Patent. Defendant also has written notice of its infringement by virtue of the filing and service of this Complaint.

69. Intellectual Ventures II is informed and believes, and thereon alleges, that the Accused Products or Services, such as the accused ATM system/service using the envelop-

free deposit functionality, constitutes a material part of the '587 invention at least because it digitally scans and automatically categories, analyzes, and stores images to facilitate the deposit.

70. Intellectual Ventures II is informed and believes that the Accused Products or Services, such as the accused ATM system/service using the envelop-free deposit functionality, are not staple articles of commerce, and have no substantial non-infringing uses, at least for the reason that the accused aspects of the ATM system service functionality that allows for envelope free deposits are distinct and separate aspects of the overall program and are designed to only substantially perform in a manner that infringes.Intellectual Ventures II has suffered damages as a result of Defendant's infringement of the '587 Patent in an amount to be proven at trial.

WHEREFORE, the Plaintiffs, Intellectual Ventures I and Intellectual Ventures II, requests that judgment be entered in their favor and against the Defendant as follows:

1. A judgment that Defendant has infringed the '701 Patent;

2. A judgment that Defendant has infringed the '382 Patent;

3. A judgment that Defendant has infringed the '137 Patent;

4. A judgment that Defendant has infringed the '587 Patent;

5. A judgment that Intellectual Ventures I be awarded damages adequate to compensate it for Defendant's past infringement and any continuing or future infringement of the '701 Patent, the '382 Patent, and the '137 Patent up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements; and, if necessary to adequately compensate Intellectual Ventures I for Defendant's infringement, an accounting;

6. A judgment that Intellectual Ventures II be awarded damages adequate to compensate it for Defendant's past infringement and any continuing or future infringement of the '587 Patent up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements; and, if necessary to adequately compensate Intellectual Ventures II for Defendant's infringement, an accounting;

7. Awarding Intellectual Ventures I attorneys' fees, costs and expenses incurred in prosecuting this action;

8. Awarding Intellectual Ventures II attorneys' fees, costs and expenses incurred in prosecuting this action; and

9. Awarding Intellectual Ventures I and Intellectual Ventures II such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Intellectual Ventures I and Intellectual Ventures II hereby demand trial by jury on all claims and issues so triable.

Dated: November 15, 2013

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Margaret Elizabeth Day (admitted *pro hac vice*)
Ian N. Feinberg (admitted *pro hac vice*)
David L. Alberti (admitted *pro hac vice*)
Clayton Thompson (admitted *pro hac vice*)
Sal Lim (admitted *pro hac vice*)
Yakov Zolotorev (admitted *pro hac vice*)
Marc Belloli (admitted *pro hac vice*)
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone:  (650) 618.4360
Facsimile:   (650) 618.4368
eday@feinday.com
ifeinberg@feinday.com
dalberti@feinday.com
cthompson@feinday.com
slim@feinday.com
yzolotorev@feinday.com
mbelloli@feinday.com

*Attorneys for Plaintiff*
INTELLECTUAL VENTURES I LLC and
INTELLECTUAL VENTURES II LLC