UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MANUFACTURERS AND TRADERS TRUST COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 13-cv-1274-SLR |

**MANUFACTURERS AND TRADERS TRUST COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Manufacturers and Traders Trust Company ("M&T"), by and through its undersigned counsel, hereby responds by way of Answer and Affirmative Defenses to the First Amended Complaint ("FAC") of Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively "IV"), as follows:

**NATURE OF THE ACTION**

1. M&T admits that the present action purports to arise under the patent laws of the United States. The remaining allegations in this paragraph of the FAC are legal conclusions that do not require a response from M&T. To the extent the allegations require a response, M&T denies the remaining allegations in this paragraph of the FAC.[1]

---

[1] All allegations by IV relating to U.S. Patent Nos. 7,664,701 ("the '701 Patent"), 8,083,137 ("the '137 Patent") and 7,260,587 ("the '587 Patent") are now moot as those patents were held invalid by the Court in its December 18, 2014 Order and Opinion for failure to comply with 35 U.S.C. § 101. (Dkt. No. 28). M&T reserves all rights to amend and supplement this pleading with respect to the above-listed patents if necessary at a later date.

1

## PARTIES

2. M&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the FAC.

3. M&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the FAC.

4. M&T is a New York State Chartered Bank and Trust Company having a principle place of business at One M&T Plaza, Buffalo, New York 14203.  M&T denies the remaining allegations set forth in this paragraph of the FAC.

## JURISDICTION AND VENUE

5. This paragraph of the FAC states a legal conclusion and does not require a response from M&T.  To the extent a response is required, M&T denies the allegations set forth in this paragraph of the FAC.

6. This paragraph of the FAC states a legal conclusion and does not require a response from M&T.  To the extent a response is required, M&T denies the allegations set forth in this paragraph of the FAC.

7. This paragraph of the FAC states a legal conclusion and does not require a response from M&T.  To the extent a response is required, M&T denies the allegations set forth in this paragraph of the FAC.

## BACKGROUND

8. M&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the FAC. On information and belief, IV is a non-practicing entity ("NPE") that neither commercializes technology nor develops products, but instead simply accumulates vast numbers of patents and patent applications.

9. M&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the FAC.

10. M&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the FAC.

11. M&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the FAC.

12. M&T admits that on its face, the '701 Patent attached to the FAC as Exhibit A is titled "Masking Private Billing Data By Assigning Other Billing Data To Use In Commerce With Businesses" and issued on February 16, 2010.  M&T denies the remaining allegations set forth in this paragraph of the FAC.  On December 18, 2014 the Court held that the '701 Patent is invalid for failure to comply with 35 U.S.C. § 101.  The '701 Patent is currently subject to a pending Covered Business Method ("CBM") review by the United States Patent and Trademark Office in CBM Case Number 2014-00029.

13. M&T admits that on its face, the '382 Patent attached to the FAC as Exhibit B is titled "Advanced Internet Interface Providing User Display Access Of Customized Webpages" and issued on October 13, 2009.  M&T denies the remaining allegations set forth in this paragraph of the FAC.  On April 16, 2014 District Judge Anthony J. Trenga of the United States District Court for the Eastern District of Virginia held that the '382 Patent is invalid for failure to comply with 35 U.S.C. § 101.  The '382 Patent is currently subject to a pending Covered Business Method ("CBM") review by the United States Patent and Trademark Office in CBM Case Number 2014-00030.

14. M&T admits that on its face, the '137 Patent attached to the FAC as Exhibit C is titled "Administration Of Financial Accounts" and issued on December 27, 2011.  M&T denies the

remaining allegations set forth in this paragraph of the FAC. On December 18, 2014 the Court held that the '137 Patent is invalid for failure to comply with 35 U.S.C. § 101. On April 16, 2014 District Judge Anthony J. Trenga of the United States District Court for the Eastern District of Virginia held that the '137 Patent is invalid for failure to comply with 35 U.S.C. § 101. The '137 Patent is currently subject to a pending Covered Business Method ("CBM") review by the United States Patent and Trademark Office in CBM Case Number 2014-00028.

15. M&T admits that on its face, the '587 Patent attached to the FAC as Exhibit D is titled "Method For Organizing Digital Images" and issued on August 21, 2007. M&T denies the remaining allegations set forth in this paragraph of the FAC. On December 18, 2014 the Court held that the '587 Patent is invalid for failure to comply with 35 U.S.C. § 101. The '587 Patent is currently subject to a pending Covered Business Method ("CBM") review by the United States Patent and Trademark Office in CBM Case Number 2014-00028.

16. M&T denies the allegations set forth in this paragraph of the FAC.

17. M&T denies the allegations set forth in this paragraph of the FAC.

18. M&T admits that it provides certain online banking and financial services but denies the remaining allegations set forth in this paragraph of the FAC.

## FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 7,664,701)

19. M&T hereby incorporates by reference its responses in the preceding paragraphs as if fully restated herein.

20. M&T denies the allegations set forth in this paragraph of the FAC.

21. M&T denies the allegations set forth in this paragraph of the FAC.

22. M&T denies the allegations set forth in this paragraph of the FAC.

23. M&T denies the allegations set forth in this paragraph of the FAC.

24. M&T denies the allegations set forth in this paragraph of the FAC.

25. M&T denies the allegations set forth in this paragraph of the FAC.

26. M&T denies the allegations set forth in this paragraph of the FAC.

27. M&T denies the allegations set forth in this paragraph of the FAC.

28. M&T denies the allegations set forth in this paragraph of the FAC.

29. M&T admits that it received service of IV's original Complaint on July 24, 2013. M&T denies the remaining allegations set forth in this paragraph of the FAC.

30. M&T denies the allegations set forth in this paragraph of the FAC.

31. M&T denies the allegations set forth in this paragraph of the FAC.

32. M&T denies the allegations set forth in this paragraph of the FAC.

## SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 7,603,382)

33. M&T hereby incorporates by reference its responses in the preceding paragraphs as if fully restated herein.

34. M&T denies the allegations set forth in this paragraph of the FAC.

35. M&T denies the allegations set forth in this paragraph of the FAC.

36. M&T denies the allegations set forth in this paragraph of the FAC.

37. M&T denies the allegations set forth in this paragraph of the FAC.

38. M&T denies the allegations set forth in this paragraph of the FAC.

39. M&T denies the allegations set forth in this paragraph of the FAC.

40. M&T denies the allegations set forth in this paragraph of the FAC.

41. M&T denies the allegations set forth in this paragraph of the FAC.

42. M&T admits that it received service of IV's original Complaint on July 24, 2013. M&T denies the remaining allegations set forth in this paragraph of the FAC.

43. M&T denies the allegations set forth in this paragraph of the FAC.

44. M&T denies the allegations set forth in this paragraph of the FAC.

45. M&T denies the allegations set forth in this paragraph of the FAC.

**THIRD CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 8,083,137)**

46. M&T hereby incorporates by reference its responses in the preceding paragraphs as if fully restated herein.

47. M&T denies the allegations set forth in this paragraph of the FAC.

48. M&T denies the allegations set forth in this paragraph of the FAC.

49. M&T denies the allegations set forth in this paragraph of the FAC.

50. M&T denies the allegations set forth in this paragraph of the FAC.

51. M&T denies the allegations set forth in this paragraph of the FAC.

52. M&T denies the allegations set forth in this paragraph of the FAC.

53. M&T denies the allegations set forth in this paragraph of the FAC.

54. M&T denies the allegations set forth in this paragraph of the FAC.

55. M&T admits that it received service of IV's original Complaint on July 24, 2013. M&T denies the remaining allegations set forth in this paragraph of the FAC.

56. M&T denies the allegations set forth in this paragraph of the FAC.

57. M&T denies the allegations set forth in this paragraph of the FAC.

58. M&T denies the allegations set forth in this paragraph of the FAC.

**FOURTH CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 7,260,587)**

59. M&T hereby incorporates by reference its responses in the preceding paragraphs as if fully restated herein.

60. M&T denies the allegations set forth in this paragraph of the FAC.

61. M&T denies the allegations set forth in this paragraph of the FAC.

62. M&T denies the allegations set forth in this paragraph of the FAC.

63. M&T denies the allegations set forth in this paragraph of the FAC.

64. M&T denies the allegations set forth in this paragraph of the FAC.

65. M&T denies the allegations set forth in this paragraph of the FAC.

66. M&T denies the allegations set forth in this paragraph of the FAC.

67. M&T denies the allegations set forth in this paragraph of the FAC.

68. M&T admits that it received service of IV's original Complaint on July 24, 2013. M&T denies the remaining allegations set forth in this paragraph of the FAC.

69. M&T denies the allegations set forth in this paragraph of the FAC.

70. M&T denies the allegations set forth in this paragraph of the FAC.

## RESPONSE FOR REQUEST FOR JUDGMENT

Although a response to the Request for Judgment is not required, M&T denies that it infringes or has infringed any valid and enforceable claim of the '701, '382, '137 or '587 Patents. M&T also denies that IV is entitled to any relief requested against M&T, including damages, interest, costs, disbursements, attorneys' fees, expenses or any other relief of any kind, including without limitation, those set forth by IV in Paragraphs 1 through 9 of its Request for Judgment.

## JURY TRIAL DEMANDED

M&T acknowledges that IV demands a trial by jury on all issues so triable.

## M&T'S DEFENSES

To the extent not expressly admitted by M&T above, the factual allegations contained in the FAC are denied herein. M&T further alleges and asserts the following defenses in response to the allegations set forth by IV in the FAC, undertaking the burden of proof as to only those defenses deemed affirmative defenses by law, regardless of how such defenses are set forth herein. In addition to the defenses set forth below, and subject to its responses above, M&T specifically maintains the right to allege additional defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may become known through the course of discovery and further factual investigation in this case.

## FIRST DEFENSE

M&T has not directly, indirectly or willfully infringed any valid, enforceable claim of the '701, '382, '137 or '587 Patents either literally or under the doctrine of equivalents.

## SECOND DEFENSE

One or more claims of the '701, '382, '137 and '587 Patents are invalid, and one or more claims of the '701, '137 and '587 Patents are unenforceable, for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

## THIRD DEFENSE

IV's claims for relief are barred by the doctrine of collateral estoppel with respect to the '382 and '137 Patents as those Patents were previously held invalid in another jurisdiction.

## PRAYER FOR RELIEF

WHEREFORE, M&T respectfully prays that the Court,

    A.    Dismiss IV's claims in their entirety with prejudice;

    B.    Enter judgment that M&T does not infringe any valid, enforceable claim of the '701, '382, '137 or '587 Patents;

    C.    Enter judgment that the asserted claims of the '701, '382, '137 and '587 Patents are invalid and the asserted claims of the 701, '137 and '587 Patents are unenforcable;

    D.    Deny each request for relief, including damages, injunctive relief and pre- and post-judgment interest made by IV;

    E.    Declare this case to be an exceptional case under 35 U.S.C. § 285 and award M&T its attorneys' fees;

    F.    Award M&T the costs of this suit, including reasonable attorneys' fees; and

    G.    Award M&T such other relief as this Court may deem just and proper.

| | |
|---|---|
| OF COUNSEL: | */s/ Chad M. Shandler* |
| | Chad M. Shandler (#3796) |
| Frank M. Gasparo | Travis S. Hunter (#5350) |
| Todd M. Nosher | **Richards Layton & Finger** |
| **Venable LLP** | One Rodney Square |
| Rockefeller Center | 920 North King Street |
| 1270 Avenue of the Americas | Wilmington, DE  19801 |
| New York, NY  10020 | Tel: (302) 651-7836 |
| Tel: (212) 370-6273 | shandler@rlf.com |
| fmgasparo@Venable.com | hunter@rlf.com |
| tmnosher@venable.com | |
| | |
| William D. Coston | |
| Martin Saad | *Attorneys for Manufacturers and Traders* |
| **Venable LLP** | *Trust Company* |
| 575 7th Street, NW | |
| Washington, DC 20004 | |
| Tel: (202) 344-4000 | |
| wdcoston@venable.com | |

Dated:  January 21, 2015